86  171
86  317

[No. 12971.   Department One. — October 17, 1890.]

THEODORE BLANCKENBURG ET AL., APPELLANTS, *v.* JOHN C. JORDAN ET AL., RESPONDENTS.

DIVORCE — DIVISION OF PROPERTY — TENANCY IN COMMON — MANAGEMENT OF WIFE'S INTEREST BY HUSBAND — PERSONAL TRUST. — When it is agreed and decreed in a divorce suit that the husband, who remains the owner as tenant in common with the wife of the undivided two thirds of certain real property, one third of which is set apart to the wife, shall manage the property, and pay one third of the net income thereof to the divorced wife in monthly payments, such management is a personal trust, which the divorced husband can neither transfer nor perpetuate, and which is not subject to his testamentary disposition.

ID. — CONSTRUCTION OF WILL — COMPENSATION OF TRUSTEE. — When the divorced husband makes testamentary disposition of his own interest in the property so held in common and managed by him, and appoints his executors as trustees to manage and control the property devised, and the trustees continue to manage the entire property held in common, and to make monthly payments to the divorced wife, the trustees have no control over her one-third interest by virtue of any power under the will, and are entitled to no compensation, commissions, or fees, under the will, for their management and care of such one-third interest.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Charles F. Hanlon,* for Appellants.

John Berghauser and Mrs. Berghauser were not strictly tenants in common, as she had no right of possession or management, and he had the exclusive right of control. Every tenant in common has the right to enter and occupy the whole of the common lands, and every part thereof. (*Tevis* v. *Hicks,* 38 Cal. 234; *Carpenter* v. *Webster,* 27 Cal. 524; *Collman* v. *Clements,* 23 Cal. 245; *Owen* v. *Morton,* 24 Cal. 373; Freeman on Co-tenancy, sec. 300.) The will devolves upon the trustees the management of the whole of the Prescott House property, and they were compelled to manage it after accepting the trust. (Civ. Code, sec. 2258.) A trustee is entitled to reimbursement, and compensation for his services. (*Elleg* v. *Naglee,* 25 Cal. 317; Civ. Code, secs. 2273, 2274; Code Civ. Proc., sec. 1618; *Beatty* v. *Clark,* 20 Cal. 11; *Robles* v. *Clarke,* 25 Cal. 317; *Hurley* v. *Shattuck,* 6 Miss. 25; *Meacham* v. *Stearns,* 9 Paige, 403; *Boyd* v. *Hawkins,* 2 Dev. Eq. 334; *Ringgold* v. *Ringgold,* 1 Har. & G. 27; 18 Am. Dec. 250; *Nichols* v. *Hodges,* 1 Pet. 565.) The lien for compensation attaches upon the entire estate. (*Rensel & S. R. R. Co.* v. *Miller,* 47 Vt. 147.)

*Otto tum Suden,* also for Appellants.

Mrs. Berghauser had only a qualified ownership. (Civ. Code, sec. 680.) The finding that the two thirds retained by John Berghauser could not be taxed with the expense of managing and controlling Mrs. Berghauser's third interest was without the issues. A finding without the issues is idle and useless, and a judgment based thereon cannot be sustained. (*Murdock* v. *Clarke,* 59 Cal. 683; *Lang* v. *Specht,* 62 Cal. 147; *Green* v. *Chandler,* 54 Cal. 626;

*Devoe* v. *Devoe*, 51 Cal. 543.) Mrs. Berghauser, having no right of possession, was not an unqualified owner as tenant in common. (*Tevis* v. *Hicks*, 38 Cal. 234; *Carpenter* v. *Webster*, 27 Cal. 524.) In the case at bar the right to enter and occupy was specially waived and ceded by the grantee, and reserved by the grantor. The right to manage an interest granted is a valid subject of reservation. (Bouvier's Law Dict., tit. Reservation; Co. Lit. 47 a; Civ. Code, sec. 1084.) The trustees were employed and appointed to manage the whole estate, and are entitled to commissions thereupon. (*Ricaud's Appeal*, 70 Cal. 71; *Estate of Simmons*, 43 Cal. 543; *Estate of Chittenden*, Coffey's Digest, 111.)

*Selden S. & George T. Wright*, for Respondents.

Mr. and Mrs. Berghauser became tenants in common, and his possession was her possession. (1 Washburn on Real Property, p. 416, secs. 1, 2, 3; *Goodenow* v. *Ewer*, 16 Cal. 473; 76 Am. Dec. 540; *Raun* v. *Reynolds*, 18 Cal. 291; *Howard* v. *Throckmorton*, 59 Cal. 79.) The agreement ·for management by John Berghauser was personal to the parties, and fell upon his death. The will must be construed as not intending to convey any property which he could not dispose of by will. (*Beard* v. *Knox*, 5 Cal. 252; 63 Am. Dec. 125.) Commissions are not allowable upon land not belonging to the estate. (*Ricaud's Appeal*, 70 Cal. 71.)

Fox, J. — This is a bill in equity to secure a decree construing a will. The will is simple and easy of comprehension, and had been correctly construed by the probate court in its decree of final distribution more than eight years before the commencement of this action. The appeal, and even the case itself, is so destitute of merit, that we do not feel justified in devoting much space to its discussion, though we have devoted some time to its examination. John Berghauser and Margarethe Berghauser were husband and wife. The wife

brought an action against her husband for a divorce, alimony, and a division of community property. Pending the trial, an agreement was made as to the division of property, in case the court should decree a divorce, under which, upon decree being entered, it was adjudged and decreed that the defendant (husband) should convey to the wife (plaintiff) certain real property in her own right, and a life estate, with remainder to their six children, or their heirs, in an undivided one third of three other parcels of real estate, situate in the city and county of San Francisco, the principal one of which was that known as the Prescott House. These three properties were all improved, and at the time bringing in an aggregate rental of something over nineteen hundred dollars per month. It was agreed and decreed that the husband, who remained an owner, as tenant in common, of the undivided two thirds thereof, should "manage the aforesaid property, in which defendant and plaintiff are jointly interested; and all proper expenses on the property, including insurance, taxes, street assessments, repairs, and further litigation, if any, are to be borne by plaintiff and defendant in proportion to their respective interests, monthly accounts to be rendered by defendant to plaintiff, as to all the property in which plaintiff and defendant are jointly interested, and monthly payments to be made by defendant to plaintiff, or her agent, of her share of the rents, income, and profits thereof." Presumably deeds were made to conform to the decree, although they are not given in the record. This decree was made in 1873, and thereafter, during the lifetime of John Berghauser, the property was managed as therein provided. In February, 1878, Berghauser died, leaving a will by which he devised his estate to the plaintiffs in this action, in trust, to manage and control the same until the youngest of his children should reach a certain age; then the same to be conveyed to them, share and share alike.

The will being admitted to probate, the trustees, as executors, continued to manage the property as before, and in 1879, administration being closed, the property was distributed to the trustees, as such, the court in and by its decree of distribution specifically describing each piece of real and personal property so distributed, and correctly describing the interest of the estate which was so distributed in the three parcels of property here under consideration as the undivided two thirds thereof. The trustees thereafter continued to manage the property and account to Mrs. Berghauser, as before, until 1888, when this action was brought, the plaintiffs claiming that their trust covered the whole, not simply the two thirds of this property, and that they were entitled to fees and commissions for administering the whole, one third thereof to be taken out of the one-third interest of Mrs. Berghauser in the rents and profits; or, if that could not be done, then the fees and commissions for administering the whole to be taken out of the two-thirds interest of the children.

Such a claim seems to us to be entirely without foundation. From the date of the entry and recording of that decree of divorce John Berghauser never had any power of testamentary or other disposition of this one-third interest in that property. It had passed out of him forever, with no chance of its ever coming back, except it might have been by purchase or descent, and of that there is no pretense in the case. Even the management and control which was accorded to him was a personal trust, which he could neither transfer nor perpetuate. There is nothing in the will to indicate that he attempted or intended to make testamentary disposition thereof, or to create any testamentary trust over the property. The probate court so understood it, and distributed the estate accordingly. If the trustees ever had any control over this one-third interest, it was by the permission or agreement of Mrs. Berghauser, and

not by virtue of any power under the will. The court below so held, and expressly refused to find whether or not they were entitled to any compensation for their services in caring for her interest in the property, because that was not a proper matter to be determined in this action, and was not a matter involved under the pleadings herein. All that could be determined here was whether they were entitled to commissions and fees, under the will, for their management and care of this one-third interest, and if so, against what interest were the commissions and fees to be charged. The court correctly found that they were entitled to no such fees or commissions under the will; and that was the end of this case.

Judgment and order affirmed.

WORKS, J., and PATERSON, J., concurred.

Hearing in Bank denied.